THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WELLER, | CASE NO. C18-1047-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE FISHING COMPANY OF ALASKA, INC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for partial judgment on the pleadings (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I. **BACKGROUND**

Plaintiff Matthew Weller was injured while working as a cook on the commercial fishing vessel Alaska Juris. (Dkt. No. 1 at 2.) Plaintiff alleges that he injured his back while "twisting and offloading boxes of fish." (*Id.*) Plaintiff further alleges that:

> [his] injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their agents, servants and employees; and the failure of the defendants to provide a reasonably safe place to work, in one or more of the following ways: failing to provide mechanical assistance, failing to provide assistance, negligent order, insufficient workers to complete the assigned tasks, and

failing to provide a safe place to work.

(*Id.* at 2–3.) Plaintiff seeks several categories of damages. (*Id.* at 3–4.) Defendants move for judgment on the pleadings regarding three of Plaintiff's damages claims. (Dkt. No. 15 at 1.)

## II. DISCUSSION

### A. Judgment on the Pleadings

A motion brought under Federal Rule of Civil Procedure 12(c) "faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Thus, "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The Court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Id.*

While the Court accepts all factual allegations in the complaint when considering a Rule 12(c) motion, the Court "need not accept as true a legal conclusion presented as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this pleading standard does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding any "formulaic recitation of the elements of a cause of action," the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Defendants move for partial judgment on the pleadings regarding Plaintiff's claims for: (1) punitive damages; (2) "earned and unearned wages and double wage penalties"; and (3) attorney fees and consequential damages related to Defendants' termination of maintenance and cure. (Dkt. No. 15 at 1.) The Court discusses each claim in turn.[1]

---

[1] Plaintiff concedes that his claim for earned and unearned wages and double wage penalties is not cognizable. (Dkt. No. 16 at 1.) Therefore, the Court DISMISSES that claim without leave to amend.

ORDER
C18-1047-JCC
PAGE - 2

1. Punitive Damages

Plaintiff pleads causes of action under the Jones Act for negligence and under general maritime law for unseaworthiness and maintenance and cure. (Dkt. No. 1 at 1.) Plaintiff cannot receive punitive damages under the Jones Act. *See Kopczynski v. The Jaqueline*, 742 F.2d 555, 560–61 (9th Cir. 1984). Thus, the Court will assess whether Plaintiff has pled enough facts to allege a claim for punitive damages based on his general maritime law claims.

Plaintiffs can recover punitive damages in both general maritime unseaworthiness and maintenance and cure actions. *See Batterton v. Dutra Group*, 880 F.3d 1089, 1096 (9th Cir. 2018) (cert. granted by 139 S.Ct. 627 (Dec. 7, 2018)) (discussing general maritime unseaworthiness actions); *see also Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 409 (2009) (discussing common law maintenance and cure actions). Punitive damages are available where defendants engaged in "conduct which manifests reckless or callous disregard for the rights of others . . . or gross negligence or actual malice or criminal indifference." *Batterton*, 880 F.3d at 1091 (internal quotations omitted); *see also Evich v. Morris*, 819 F.2d 256, 258 (9th Cir. 1987) (overruled on other grounds by *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)).

Based on the facts alleged in the complaint, neither of Plaintiff's claims meet the standard for punitive damages. To recover under a general maritime unseaworthiness claim, a plaintiff must show both that the vessel was not "reasonably fit for its intended use" and that "the unseaworthy condition proximately caused his injuries." *Ribitzki v. Canmar Reading & Bates, Ltd. Partnership*, 111 F.3d 658, 664 (9th Cir. 1997). Plaintiff alleges that he was "twisting and offloading boxes of fish and sustained injury to his back" while the fishing vessel he was employed on was in navigable waters, and that this was "directly and proximately caused by the unseaworthiness of the vessel; the negligence . . . of the defendants . . . ; and the failure of the defendants to provide a reasonably safe place to work." (Dkt. No. 1 at 1–2.)

Plaintiff has made no factual allegations relating to the fitness of the vessel for its intended use other than a conclusory allegation of unseaworthiness, which the Court need not

consider. (*Id.* at 2); *Twombly*, 550 U.S. at 555. Plaintiff has also made no factual allegations as to the cause of his injuries other than a conclusory allegation that they "were directly and proximately caused by the unseaworthiness of the vessel," which the Court again need not consider. (Dkt. No. 1 at 2); *Twombly*, 550 U.S. at 555. Thus, the Court finds that Plaintiff has not alleged sufficient facts to support his claim for punitive damages under his unseaworthiness claim.

Plaintiff also makes a claim for punitive damages under general maritime law for failure to provide maintenance and cure. (Dkt. No. 15 at 5.) "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). To recover punitive damages for failure to pay maintenance and cure, Plaintiff would need to allege facts that state a plausible claim that Defendants failed to provide maintenance and cure until Plaintiff reached maximum medical recovery as a result of callous disregard, gross negligence, or actual malice. *See id.*; *Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1161 (W.D. Wash. 2016).

Plaintiff alleges that he became injured while in service of the Alaska Juris and that he received maintenance and cure for a period of time, but that Defendants have stopped providing maintenance and cure and that his injuries remain unresolved. (Dkt. No. 1 at 2–3.) Plaintiff has not alleged facts that Defendants' failure to provide maintenance and cure was based on its callous disregard, gross negligence, or actual malice. (*See generally* Dkt. No. 1.) Therefore, Plaintiff has failed to plausibly allege that he would be entitled to punitive damages under his general maritime law claim.

2. Attorney Fees and Consequential Damages

Plaintiff also alleges that he is entitled to attorney fees and consequential damages for Defendants' failure to pay maintenance and cure. (Dkt. No. 1 at 3.) Defendants argue that

"Plaintiff failed to allege any facts demonstrating [that] Defendants wrongfully failed to provide maintenance and cure," or that "Defendants acted in an arbitrary, recalcitrant or unreasonable manner." (Dkt. No. 15 at 7–8) (internal quotation omitted).

While the Supreme Court has held that "attorney's fees incurred in order to secure a maintenance and cure award may be recovered in addition to the usual items such as medical care, food, and lodging[,]" the scope of this holding has been interpreted to "allow attorney's fees only when the failure to provide maintenance and cure was arbitrary, recalcitrant or unreasonable." *Kopczynski*, 742 F.2d at 559 (internal quotations omitted). This standard is illustrated in *Atkinson*, where the Supreme Court held that an award of attorney fees was appropriate where the failure to provide maintenance and cure was "willful and persistent." 369 U.S. at 531.

Plaintiff has alleged that "at the date of this [c]omplaint, Plaintiff was receiving maintenance until recently and his injuries are unresolved." (Dkt. No. 1 at 3.) Taken in the light most favorable to Plaintiff, the Court sees a plausible claim for wrongful termination of maintenance and cure. However, Plaintiff has made no factual allegations raising the allegation from a wrongful termination of maintenance and cure to an *arbitrary, recalcitrant, or unreasonable* failure to provide maintenance and cure. *See Kopczynski*, 742 F.2d at 559. For this reason, Plaintiff has not made a plausible claim for attorney fees for failure to pay maintenance and cure, and it must be dismissed.

The United States Supreme Court has held that "breach of the duty [to provide maintenance and cure] may render the owner liable for the consequential damages suffered by the seaman." *Calmar S. S. Corp. v. Taylor*, 303 U.S. 525, 528 (1938); *see also Baylor v. Icicle Seafoods, Inc.*, Case No. C04-2272-MJP, Dkt. No. 75 at 4 (W.D. Wash. 2006) (holding that consequential damages are available if Plaintiff shows "a wrongful failure to provide maintenance and cure"). Here, Plaintiff has made a plausible claim. Plaintiff alleges that his maintenance and cure was discontinued, despite his injuries remaining unresolved. (Dkt. No. 1 at

3.) Because maintenance and cure is properly provided until the seaman is cured of his injury and Plaintiff has alleged that he is not cured, Plaintiff has made a plausible claim that Defendants have wrongfully terminated his maintenance and cure. *See Permanente S. S. Corp.*, 369 F.2d at 298 (holding that maintenance and cure is properly provided until the seaman is cured of his injury). As such, Plaintiff has made a plausible claim for consequential damages that survives Defendants' motion for judgment on the pleadings.

### B. Leave to Amend

A "court considering a motion for judgment on the pleadings may give leave to amend and may dismiss causes of action rather than grant judgment." *Sprint Tel. PCS, L.P. v. Cnty. Of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004) (internal quotations omitted). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010).

Here, Plaintiff has moved for leave to amend his complaint in his response to Defendants' motion and has included a proposed amended complaint that contains additional factual allegations. (Dkt. No. 16-1.) It is not clear that Plaintiff's claims for punitive damages and attorney fees could not be saved by further amendment. Therefore, the Court DISMISSES Plaintiff's claims with leave to amend.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (Dkt. No. 15) is GRANTED in part and DENIED in part. Plaintiff's claim for "earned and unearned wages and double wage penalties" is DISMISSED without leave to amend, and Plaintiff's claims for punitive damages and attorney fees are DISMISSED without prejudice, and with leave to amend. If Plaintiff chooses to file an amended complaint, he must do so within 14 days of this order.

If Plaintiff chooses to file an amended complaint, he must allege:

1. For his claim of punitive damages for unseaworthiness, factual allegations regarding the fitness of the vessel for its intended use and the role that the unfit condition of the vessel played in bringing about Plaintiff's injury;
2. For his claim of punitive damages for failure to provide maintenance and cure, factual allegations regarding any callous disregard, gross negligence, or actual malice on the part of Defendants and the contribution that any of these conditions made to Defendants' failure to provide maintenance and cure; and
3. For his claim of attorney fees, factual allegations allowing the Court to draw a reasonable inference that Defendants' termination of Plaintiff's maintenance and cure was either arbitrary, recalcitrant, or unreasonable.

DATED this 14th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE